OSIAS BRAUNSTEIN *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

1.  CARRIERS—NEGLIGENCE—PRESUMPTION.

   Where a car belonging to defendant, on which plaintiff was a passenger, ran off the track, the presumption is that defendant was negligent; but the presumption may be rebutted by proof that the accident was not caused by any negligence or want of care on the defendant's part.

2.  CARRIERS—PERSONAL INJURIES—NEGLIGENCE.

   Where a passenger is injured through the negligence of a railway company in operating its trains so that a car ran off the tracks, the railway company is liable for damages.

3.  CARRIERS—NEGLIGENCE—EVIDENCE.

   In an action by a passenger against a railway company for personal injuries, the burden of proof is upon the plaintiff to show that the injuries were due to the negligence of defendant, and constituted the proximate cause of the injuries complained of.

4.  CARRIERS—PERSONAL INJURIES—INSURANCE OF SAFETY.

   While a common carrier is required to exercise every degree of care in the preparation, conduct, and management of their cars that a reasonable man would use under like circumstances, and is responsible for any negligence in transporting passengers, it is not an insurer of their safety.

5.  NEGLIGENCE—WHAT CONSTITUTES.

   Negligence is the want of such care as a reasonably prudent and careful man would use under similar circumstances.

6.  CARRIERS—ORDINARY CARE—WHAT CONSTITUTES

   Ordinary care in managing railway cars in motion imports all the care which the peculiar circumstances of the place or occasion reasonably require, and this will be increased or diminished as danger of accident is increased or diminished.

7.  CARRIERS—CARE REQUIRED—CONDITION AND MANAGEMENT OF ROAD.

   It is the duty of a railway company to keep its road and cars in proper condition, to have them under proper control, and to slow up where danger is imminent, and where by so doing accident can be avoided, and to have, in the management of its cars, careful and competent servants.

8.  CARRIERS—RAILROADS—PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE.

   In an action against a railway company for personal injuries, the plaintiff must show that he was injured in the manner alleged in the declaration, and that the negligence of the defendant was the proximate cause of the injury complained of.

9. DAMAGES—PERSONAL INJURIES—NATURE OF INJURIES.

Where a passenger is injured through the negligence of a common carrier, he may recover damages for pain and suffering, not only for injuries to his person at the time of the accident, but also for pain and suffering caused by aggravating a disease with which plaintiff had been afflicted before the accident, but only to the extent that such effects were increased by defendant's negligence.

10. DAMAGES—PERSONAL INJURIES—MEASURE OF DAMAGES.

Where, in an action for personal injuries against a common carrier, it is found that the plaintiff is entitled to damages, such a sum of money should be allowed as such, as would be reasonable compensation for plaintiff's pain and suffering down to the present time, and such as he is likely to suffer in the future and for all expenditures of money for medical treatment and injuries, and for increase in suffering from the aggravation of any disease resulting therefrom, as well as for all losses suffered because of any incapacity to labor resulting from the injuries.

(*November* 29, 1910.)

PENNEWILL, C. J., and HASTINGS, J., sitting.

*Herbert H. Ward* (of *Ward, Gray* and *Neary*) for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1910.

ACTION ON THE CASE (No. 8, September Term, 1909), to recover damages for personal injuries to the plaintiff, alleged to have been occasioned by the negligent running off their tracks of a car of the defendant at a curve at Fourth Street and Cleveland Avenue, while the plaintiff was a passenger in said car.

(See same case, 1 *Boyce* 310, (77 *Atl.* 738) on demurrer to the third, fourth and fifth counts to plaintiff's declaration, sustaining demurrer to the fifth count.)

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff to recover from the defendant damages for personal injuries alleged to have been caused by the defendant company so negligently and carelessly running one of its cars, in which the plaintiff was a passenger, on the eleventh day of November, 1908, that in making, or attempting to make, a curve at Fourth street and Cleveland avenue, in this city, the car ran off the tracks, and in consequence thereof the plaintiff was thrown from his seat to the floor of the car and badly injured.

Specifically, the negligence alleged by the plaintiff, in his declaration, may be stated as follows:

(1) That the car was so negligently and unskillfully run and managed that it ran off the tracks.

(2) That the car was negligently and unskillfully run at a great and dangerous rate of speed at said curve.

(3) That the tracks at said curve were negligently, improperly and unskillfully constructed, and the car negligently and improperly driven at a dangerous and high rate of speed upon said curve.

(4) That the tracks at the curve were negligently and unskillfully maintained and repaired, and the car negligently and improperly driven thereon at the curve at a great and dangerous rate of speed.

It is agreed by counsel for the plaintiff and defendant in this case as follows:

"That the defendant company at the time in question in the declaration was and now is a corporation existing under the laws of the state of Delaware; that the defendant company then owned and operated the line of railway mentioned in the declaration, leading from the city of Wilmington to Brandywine Springs, all in the county of New Castle, State of Delaware; that the defendant company then was lawfully on the streets and highways occupied by it with its said railway; that said railway then was operated by electricity; that the defendant then was a common carrier of passengers upon its said railway; that the place near the junction of Fourth street and Cleveland avenue, where defendant's passenger car ran off the track of defendant's said railway, on the occasion mentioned in the declaration, was in the city of Wilmington in the said county of New Castle."

Such facts, therefore, being admitted, were not required to be proved.

We may say to you, gentlemen, that there arises a presumption of negligence in this case from the fact that the car in which the plaintiff was a passenger, left, or ran off, the tracks of the defendant's railway; and if you are satisfied from the testimony that the injuries of which the plaintiff complains were caused thereby, and

that such presumption has not been rebutted, the defendant would be liable for such damages as you believe would reasonably compensate him for his injuries resulting from the accident.

But while the negligence of the defendant is presumed from the fact that the car ran off the tracks, such presumption may be rebutted by proof that there was no negligence on the part of the defendant that caused the accident. It is for you to say from the evidence whether such presumption of negligence has been rebutted or not.

If you believe it is shown by the evidence that the running of the car from the tracks was not caused in any way, or to any extent, by negligence, or want of care, on the part of the defendant, then the presumption of negligence would be rebutted. In other words, if you are satisfied that the defendant used due care and diligence, under all the circumstances, in the making and maintenance of its road and tracks; in the maintenance, equipment and operation of its cars, and in every other matter or thing that it was reasonably necessary for it to do for the safety of the passengers, the defendant would not be liable and the plaintiff cannot recover.

"A common carrier of passengers is liable for injuries to the latter in case of the carrier's negligence. The law exacts great care, diligence, and skill from those to whose charge as common carriers passengers are committed. They are responsible for any negligence resulting in injury to passengers, and are required in the preparation, conduct, and management of their cars, or means of conveyance, to exercise every degree of care that a reasonable man would use under like circumstances. But while the common carrier is held to strict care in the safe transportation of its passengers, it must nevertheless be borne in mind that it is not an insurer of their safety, but responsible only for its own negligence."

"This action is based upon negligence, which has often been defined by this court to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful man would use under similar circumstances. * * *"

"To entitle the plaintiff to recover at all it must have been shown to your satisfaction, by a preponderance of the evidence,

that the negligence which caused the accident and injuries, if any there was, was the fault of the defendant company. The burden of proving such negligence rests upon the plaintiff, and the defendant can be held liable only for such negligence as constituted the proximate cause of the injuries complained of."

"The term 'ordinary care,' when applied to the management of railway cars in motion, imports all the care which the peculiar circumstances of the place or occasion reasonably require, and this will be increased or diminished according as liability of danger and accident, and injury to others, is increased or diminished in the movement and management of such cars."

It is the duty of the railway company to keep its road and cars in proper condition, and its cars under proper control; to slack up where danger is imminent and where, by so doing, accident could be avoided. It is also its duty to have, in the management of its cars, careful and competent servants.

In order for the plaintiff to recover, it must have been proven to your satisfaction, (1) that he was injured, (2) that he was injured in the manner alleged in this declaration, and (3) that defendant's negligence was the proximate cause of the injuries complained of.

The plaintiff seeks to recover in this action, not only for the pain and suffering resulting from the injuries to his person at the time of the accident, but also for pain and suffering caused by the aggravation of the disease of arteriosclerosis, or hardening of the blood vessels, with which he claims to have been afflicted prior to the accident, and which he contends was aggravated by the shock and excitement incident to the accident and injury.

If you find from the evidence that by reason of the defendant's negligence the plaintiff was subjected to an injury or shock which increased or aggravated a disease with which the plaintiff had previously been afflicted, the plaintiff may recover damages for the effects of such disease, but only to the extent that such effects were increased or aggravated by the injury or shock caused by the defendant's negligence.

There can be no recovery for the effects of any disease contracted before the accident unless the jury are clearly satisfied from the

_____
Charge—Verdict.
_____

evidence that such disease was aggravated or increased by the negligent act of the defendant, and even then recovery could be had only to the extent that such effects were so aggravated or increased.

No recovery can be had for the effects of any disease contracted or suffered by the plaintiff which was not the natural and probable consequence of the defendant's negligence.

In no event can damages be allowed except such as resulted directly from the negligent act of the defendant. Damages produced by other agencies than those causing the injury cannot be awarded as proper compensation.

If you shall find in favor of the plaintiff, your verdict should be for such sum of money as would be a reasonable compensation for plaintiff's pain and suffering down to the present time and for such pain and suffering as he is likely to have in the future, so far as such pain and suffering may be reasonably ascribed to his injuries resulting from defendant's negligence; also for all expenditures of money made by him for medical treatment for such injuries, and for the increase or aggravation of any disease resulting therefrom, and also for all losses heretofore suffered, or likely to be hereafter suffered, by him because of any incapacity to labor resulting from his said injuries.

Verdict for plaintiff.